```
                                                        USDC SDNY
                                                        DOCUMENT
                                                        ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                            DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                           DATE FILED: June 22, 2009
```

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE FUENTES,                                    :
                                                 :
                          Petitioner,    :    06 Civ. 5813  (PAC) (DF)
                                                 :
                                                 :    <u>ORDER</u> <u>ADOPTING</u> <u>R&R</u>
        - against -                            :
                                                 :
SUPERINTENDENT ROBERT J. EBERT,                  :
                                                 :
                          Respondent.    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

HONORABLE PAUL A. CROTTY, United States District Judge:

<u>Pro</u> <u>se</u> Petitioner Jose Fuentes seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his August 9, 2001 conviction for Course of Sexual Conduct Against a Child in the First Degree in New York State Supreme Court, Bronx County.  Fuentes alleges that he was deprived of a fair trial because: 1) the trial court improperly admitted two out-of-court statements into evidence; 2) the prosecutor committed reversible error by making improper and egregious summation remarks.  This Court referred the matter to Magistrate Judge Debra Freeman, who issued a Report & Recommendation ("R&R") on February 17, 2009, recommending that Fuentes's petition be dismissed in its entirety.

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), Magistrate Judge Freeman provided ten days from the date of service of the R&R for written objections and specifically advised that "[f]ailure to file objections within ten days will result in a waiver of those objections for purposes of appeal." (R&R at 26.)  Fuentes has not filed any objections to the R&R, but Respondent objected to Magistrate Judge Freeman's characterization that some the prosecutor's remarks in summation were inappropriate. (Objections to Magistrate Judge's R&R

1

("Objections") at 1.) Having reviewed the R&R, as well as the Respondent's timely objections, the Court adopts Magistrate Judge Freeman's recommendations in full.

## BACKGROUND[1]

A jury convicted Fuentes of Course of Sexual Conduct Against a Child in the First Degree on August 9, 2001, and he was sentenced to an indeterminate term of nine to 18 years. At his trial, the victim, a minor, testified that Fuentes first engaged in sexual acts with her when she was seven. The victim's younger sister witnessed these acts and testified against Fuentes, recalling several occasions where he abused the victim. Over objections, the trial court allowed testimony from an investigator who said she began her investigation upon receiving a report from the New York State Child Abuse Hotline. Again over objections, the court also allowed the victim's father to testify that he flew to Houston because the victim's aunt had informed him of his daughter's sexual abuse. In summation, the prosecutor stated that the victim and her sister would always be victims, that Fuentes was a "compulsive pedophile" with a "smug" expression and that the jury must start a "societal consensus" of the charged crime as unacceptable.

Fuentes appealed the verdict to the Appellate Division, First Department, and sought relief on the same claims he raises in his habeas corpus petition. On June 9, 2005, the Appellate Division unanimously affirmed Fuentes's conviction. On August 31, 2005, the Court of Appeals denied Fuentes's application for leave to appeal.

## DISCUSSION

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). When a timely objection has been made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). The Court,

---

[1] All information in this section is drawn from the R&R.

2

however, "may adopt those portions of the R&R to which no objections have been made and are not facially erroneous." La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

Magistrate Judge Freeman addressed the two claims that Fuentes asserted in his habeas petition, namely that: 1) the trial court improperly admitted out-of-court statements in violation of the hearsay and Confrontation Clause rules; and 2) that the prosecutor's statements in summation resulted in an unfair trial.  In considering the first claim, Magistrate Judge Freeman correctly held that even if evidentiary error existed, neither of the two challenged out-of-court statements undermined the fairness of the trial so as to violate Fuentes's due process rights. (R&R at 11-12.)  Magistrate Judge Freeman also correctly found that this Court is barred from reviewing the Confrontation Clause claim because defendant failed to preserve the claim and has shown no basis for overcoming the procedural bar.[2] (Id. at 12-17.)

In considering the second claim, Magistrate Judge Freeman correctly held that the prosecutor's remarks during summation did not rise to the level of a constitutional violation so as to render the trial fundamentally unfair. (Id. at 20-26.)  Magistrate Judge Freeman based her finding on a three-factor analysis where she considered "the severity of the [prosecutor's] misconduct, the measures adopted [by the court] to cure it, and the certainty of conviction in the absence of the misconduct." (Id. at 20 (quoting United States v. Melendez, 57 F.3d 238, 241 (2d Cir. 1995)).)  Furthermore, Magistrate Judge Freeman found that many of the prosecutor's comments, even if improper, responded to the defense counsel's attack on the victim's credibility and fairly described Fuentes in light of the evidence. (R&R at 21-22.)

Respondent objects only to Magistrate Judge Freeman's single sentence that "a number of remarks made by the prosecutor were inappropriate." (See id. at 21.)  Respondent defends

---

[2]   A party does not necessarily preserve a Confrontation Clause claim simply by raising an objection on hearsay grounds. See People v. Kello, 746 N.E.2d 166, 168 (N.Y. 2001).

those summation remarks in its four-page brief, even though Magistrate Judge Freeman ultimately found no actual prejudice from the remarks. The Court will not review this objection since the R&R reached a conclusion favorable to the Respondent on this subject. See Lugo v. Kuhlmann, 68 F. Supp. 2d 347, 351 (S.D.N.Y. 1999) (finding it unnecessary to rule on Respondent's objections where the R&R reached conclusions favorable to the Respondent, even when the rationale differed from the one proposed by the Respondent).[3]

## CONCLUSION

For the foregoing reasons, Fuentes' petition for a writ of habeas corpus is DENIED. As Fuentes has not made a substantial showing of a denial of a federal right, appellate review is not warranted. See 28 U.S.C. § 2253(c)(2). The Clerk of the Court is directed to close this case.

Dated: New York, New York
June 12, 2009

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

Copies mailed to:

Honorable Debra Freeman
United States Magistrate Judge

Jose Fuentes (01-A-5188)
Otisville Correctional Facility
P.O. Box 8
Otisville, New York 10963-0008

Robert T. Johnson
198 E. 161st Street
Bronx, New York 10451

---

[3] Even if the Court were to review the objection on its merits, Magistrate Judge Freeman reasonably concluded that a number of the prosecutor's remarks were inappropriate. The trial court itself sustained objections to several of the prosecutor's comments based on the prosecutor's characterization of the defendant and for speaking about evidence beyond the trial testimony. (See Trial Record at 1300-01, 1307, 1336-37.)